UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

FORDYCE PYE,

                         Plaintiff,

-against-

JEFFREY C. COLEMAN, individually,
in his capacity as Commissioner of Public
Works for the City of New Rochelle, and
THE CITY OF NEW ROCHELLE, New
York,

                         Defendants.

------------------------------------------------------------X

ORIGINAL

07 Civ. ( )

COMPLAINT

Jury Trial Demanded

'07 CIV 10538

JUDGE ROBINSON

Plaintiff FORDYCE PYE, by his attorneys Lovett & Gould, LLP, for his complaint respectfully states:

### NATURE OF THE ACTION

1. This is an action for compensatory and punitive damages, proximately resulting from conduct engaged in by Defendants while acting under color of the laws of the State of New York, which conduct violated Plaintiff's rights as guaranteed by the Fourth Amendment to the United States Constitution, 42 U.S.C. §1983.

### JURISDICTION

2. The Court's jurisdiction is invoked pursuant to 28 U.S.C. §§1331, 1343.

## THE PARTIES

3. Plaintiff FORDYCE PYE is a citizen of the United States, a domiciliary of the State of New York and a resident of the Northern Counties. At all times relevant to this complaint he was employed by the Defendant City as a "Sanitation Worker". As such he holds, and is required to hold for his employment, a commercial driver's license (hereinafter "CDL").

4. Defendant JEFFREY C. COLEMAN (hereinafter "Coleman"), who is sued in his individual and official capacities, at all times relevant to this complaint was the duly appointed Commissioner of Public Works for the Defendant City.

5. Defendant CITY OF NEW ROCHELLE, New York (hereinafter "City"), is a municipal corporate subdivision of the State of New York duly existing by reason of and pursuant to the laws of said State.

## THE FACTS

6. On or about February 16, 2006, the City's Deputy Commissioner of Public Works published guidelines for the random testing of City employees holding CDL's which guidelines in pertinent respect provided:

> "**5.0 REQUIRED TESTING**
>
> 5.1 The City is required by [the United States Department of Transportation] to conduct tests under the following conditions or Times: . . .(iii) on a random basis as described in 49 CFR §382.305. . .".

7. Section 382.305 of 49 C.F.R. at all times relevant to this complaint provided in pertinent respect:

"(a) Every employer shall comply with the requirements of this section. Every driver shall submit to random alcohol and controlled substance testing as required by this section.

\*       \*       \*

(2) Except as provided in paragraph (f) through (h) of this section, the minimum annual percentage rate for random controlled substances testing shall be 50 percent of the average number of driver positions.

\*       \*       \*

(i)(1) The selection of drivers for random alcohol and controlled substances testing shall be made by a scientifically valid method, such as a random number table or a computer-based random number generator that is matched with drivers' Social Security numbers, payroll identification numbers, or other comparable identifying numbers.

(2) Each driver selected for random alcohol and controlled substances testing under the selection process used, shall have an equal change of being tested each time selections are made.

\*       \*       \*

(j)(1) To calculate the total number of covered drivers eligible for random testing throughout the year, as an

employer, you must add the total number of covered drivers eligible for testing during each random testing period for the year and divide that total by the number of random testing periods. Covered employees and only covered employees, are to be in an employer's random testing pool, and all covered drivers must be in the random pool. . .

(2) As an employer, you may use a service agent. . .to perform random selections for you, and your covered drivers may be part of a larger random testing pool of covered employees. However you must ensure that the service agent you use is testing at the appropriate percentage established for your industry and that only covered employees are in the random testing pool. . .".

8. With respect to the City's random alcohol and controlled substances testing, it retained First Advantage Corporation Randompro (hereinafter "Randompro") of Bethesda, Maryland. And in that connection Randompro prepared and provided to Coleman and the City a list of allegedly covered employees holding CDLs who had on or about July 7, 2006, been selected for random drug testing. That list was, according to Randompro, derived from the "NYAPT STATE POOL – QUARTERLY", a pool that at the time of the creation of the list provided by Randompro to Coleman and the City included 3,161 employees.

9. Included on that list were the names of Plaintiff, Vincent Ferrara, Jr., Edward Bracey, two individuals identified as "Bello, Carlos", two individuals identified as "Capalbo, Anthony", and two individuals identified as "Condon, Thomas".

10. With respect to Vincent Ferrara, Jr., at the time that list was provided to Coleman and the City, he was no longer employed by the City and as a result his name should not have been included.

11. With respect to Edward Bracey, at the time that list was provided to Coleman and the City, he did not possess a CDL and as a result his name should not have been included.

12. With respect to the two individuals identified as Carlos Bello, there in fact was only one such employee and as a result the second listed Carlos Bello should not have been included.

13. With respect to the two individuals identified as Anthony Capalbo, there in fact was only one such employee and as a result the second listed Anthony Capalbo should not have been included.

14. With respect to the two individuals identified as Thomas Condon, there in fact was only one such employee and as a result the second listed Anthony Capalbo should not have been included.

15. Based upon Randompro's list Plaintiff was selected for "random" controlled substances urine testing on August 15, 2006. Four days thereafter the Occupational Health Services division of First Advantage Corporation of Lakewood, Colorado, acting by its Medical Review Officer, notified Coleman and the City that Plaintiff had tested positive for cocaine.

16. Upon learning of the positive test result Plaintiff immediately had himself re-tested at a drug testing facility (The Klosek Clinic, hereinafter "Klosek"). On August 24, 2006, the Director/Certified Forensic Counselor/Certified N.Y. State D.M.V. Provider notified the City Manager of the City that as regards Plaintiff's controlled substances testing:

> "All toxicology results were negative. Mr. Pye stated that he had a dental procedure performed on August 14, 2006. On that date he was dispensed local anesthesia. It has been my clinical experience that the class of medication utilized for dental anesthesia may produce false positive results in lateral flow chromatographic immunoassay and gas chromotograph/mass spectrometry urine tests."

17. Despite the Klosek report, on or about August 28, 2006, Coleman preferred disciplinary charges against Plaintiff premised upon the Randompro "random" list of CDL holders accusing him of testing positive for cocaine and seeking by way of punishment the termination of his employment.

18. Thereafter over a period of months the disciplinary proceeding was prosecuted without final administrative determination as of the date of this complaint.

19. Defendant's "random" controlled substances testing procedures violated 49 C.F.R. §382.301 and resulted in a violation of Plaintiff's right to be free from unreasonable searches and seizures a circumstance that caused him to suffer: emotional upset, anxiety; pecuniary losses; public embarrassment; public humiliation; shame; and otherwise rendered him sick and sore.

## AS AND FOR A CLAIM

20. Repeats and realleges as if fully set forth the allegations of fact contained in paragraphs "1" to "19", inclusive.

21. Under the premises Defendants' conduct violated Plaintiff's rights as guaranteed by the Fourth Amendment to the United States Constitution, 42 U.S.C. §1983.

WHEREFORE a judgment is respectfully demanded:

    a. Awarding such compensatory damages as the jury may determine,

    b. Awarding against Coleman such punitive damages as the jury may impose,

    c. Awarding reasonable attorney's fees and costs,

    d. Declaring unlawful and void the City's random controlled substances testing program, and,

    e. Granting such other and further relief as to the Court seems just and proper.

Dated: White Plains, N.Y.
       November 20, 2007

LOVETT & GOULD, LLP
By:_____
Jonathan Lovett (4854
Attorneys for Plaintiff
222 Bloomingdale Road
White Plains, N.Y. 10605
914-428-8401