UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x   07 Civ. 10538 (SCR)
FORDYCE PYE,

                       Plaintiff,

    -against-                                    **ANSWER**

JEFFREY C. COLEMAN, individually, in his
capacity as Commissioner of Public Works for the
City of New Rochelle, and THE CITY OF NEW
ROCHELLE, New York,

                       Defendants.
------------------------------------------------------------x

       Defendants City of New Rochelle (the "City") and Jeffrey C. Coleman, by their attorneys Wilson, Elser, Moskowitz, Edelman & Dicker LLP, for their answer to the complaint allege as follows:

       1.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 1 of the complaint.

       2.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 2 of the complaint, and respectfully refer all questions of law to the Court.

       3.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 3 of the complaint, except admit that plaintiff was employed by the City.

       4.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 4, except admit that Jeffrey C. Coleman is the Commissioner of Public Works of the City of New Rochelle.

5. Deny the truth of the allegations contained in ¶ 5 of the complaint, except admit that the City of New Rochelle is a municipal corporation existing under the laws of the state of New York.

6. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 6 of the complaint, except admit that the City of New Rochelle has guidelines for the random testing of certain City employees.

7. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 7 of the complaint, and respectfully refer all questions of law to the Court.

8. Deny the truth of the allegations contained in ¶ 8 of the complaint, except admit that the City employed an independent contractor in reference to its random testing policy and deny knowledge or information sufficient to form a belief as to the truth of any allegations concerning actions taken by the independent contractor.

9. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 9 of the complaint.

10. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 10 of the complaint.

11. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 11 of the complaint.

12. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 12 of the complaint.

13. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 13 of the complaint.

1843801.1

14. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 14 of the complaint.

15. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 15 of the complaint, except admit that the defendants were notified that plaintiff tested positive for cocaine.

16. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 16 of the complaint, except admit that plaintiff claims that certain tests taken at a later date were negative.

17. Deny the truth of the allegations contained in ¶ 17 of the complaint, except admit that disciplinary charges were preferred against the plaintiff.

18. Deny the truth of the allegations contained in ¶ 18 of the complaint, except admit that the disciplinary charges were prosecuted and are pending.

19. Deny the truth of the allegations contained in ¶ 19 of the complaint.

20. The defendants repeat and reallege, as if fully set forth, the responses contained in ¶¶ 1-19 above.

21. Deny the truth of the allegations contained in ¶ 21 of the complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

22. Defendant Jeffrey C. Coleman is protected by the doctrine of qualified immunity.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

23. Defendant Jeffrey C. Coleman is protected by the doctrine of absolute immunity.

1843801.1

### AS AND FOR A THIRD
### AFFIRMATIVE DEFENSE

24. Plaintiff fails to state a cause of action for which this Court may grant relief.

### AS AND FOR A FOURTH
### AFFIRMATIVE DEFENSE

25. Plaintiff failed to exhaust his administrative remedies.

WHEREFORE, a judgment is respectfully demanded:

s) dismissing the complaint; and

b) awarding to the defendants the costs, expenses, disbursements and attorneys' fees incurred in the defense of this action.

Dated: White Plains, NY
December 20, 2007

> WILSON, ELSER, MOSKOWITZ,
> EDELMAN & DICKER LLP
> Attorneys for Defendants
>
> By: Peter A. Meisels (PAM-5018)
>
> 3 Gannett Drive
> White Plains, NY 10604
> (914) 323-7000
> File No. 07367.00068

4

1843801.1